UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

| | |
|---|---|
| STATE OF INDIANA EX REL. HILL, ) | |
| ) | |
| Plaintiff, ) | CIVIL ACTION NO. 4:20-CV-195 |
| ) | |
| v. ) | |
| ) | |
| NORTH CLARK MEDICAL GROUP, LLC, ) | |
| ) | |
| Defendant. ) | |

**COMPLAINT**

**I. PRELIMINARY STATEMENT**

1. The Plaintiff, Attorney General Curtis T. Hill, Jr., as *parens patriae* for the residents of the State of Indiana and on behalf of the State of Indiana in its sovereign capacity, institutes this action for injunctive relief, statutory damages, attorneys' fees, and the costs of this action against North Clark Medical Group, LLC, ("NCMG"), alleging violations of the Health Insurance Portability and Accountability Act of 1996, as amended by the Health Information Technology for Economic and Clinical Health Act of 2009, and Department of Health and Human Services Regulations, 45 C.F.R. § 160, *et seq.* (collectively referred to as "HIPAA").

**II. JURISDICTION AND VENUE**

2. The Court has jurisdiction for this cause of action pursuant to 42 U.S.C. § 1320d-5(d) and 28 U.S.C. § 1331.

3. Venue in this District is proper pursuant to 28 U.S.C. § 1391(b)(2), (c) and (d).

4. Plaintiff, Attorney General of the State of Indiana, has provided notice of this action to the Secretary of Health and Human Services as required under 42 U.S.C. § 1320d-5(d)(4).

### III. PARTIES

5.     Plaintiff, Attorney General of the State of Indiana, is authorized to bring this action and to seek injunctive and other statutory relief pursuant to 42 U.S.C. § 1320d-5(d)(1).

6.     At all times relevant to this Complaint, NCMG was an Indiana limited liability company with a principal office at 1410 South Clark Blvd, Clarksville, IN 47129.

7.     At all times relevant to this Complaint, NCMG was engaged in business in Indiana operating as a health care provider for Indiana residents.

### IV. FACTUAL ALLEGATIONS

8.     At all times relevant to this Complaint, NCMG provided healthcare services to Indiana residents and was a covered entity within the meaning of HIPAA.

9.     On or about May 25, 2018, the Office of the Indiana Attorney General ("OAG") received notification that NCMG failed to timely respond and provide protected health information ("PHI") to individuals who requested same.

10.    Subsequent investigation determined that NCMG'S failure to provide PHI in a timely matter occurred in response to requests received from on or about February 1, 2018 to May 14, 2019 (the "Timeframe").

11.    During the Timeframe, 173 individuals requested their PHI from NCMG.

12.    Out of the 173 individuals whom requested PHI from NCMG during the Timeframe, 32 patients received a response to their PHI request more than 60 days after their request resulting in an average response time of 106 days.

13.    Additionally, during the Timeframe, 50 patients received a response to their PHI request more than 30 days after their request resulting in an average response time of 42.5 days.

14.    NCMG did not provide a written statement to any of the patients who requested PHI addressing the reasons for the delayed response.

15. Further investigation revealed that NCMG had no records indicating staff was properly trained regarding HIPAA policies and PHI as it relates to each staff members job function.

## V. FIRST CLAIM FOR RELIEF:
### ACCESS OF INDIVIDUALS TO PROTECTED HEALTH INFORMATION

16. Plaintiff incorporates herein by reference all preceding paragraphs as if fully set forth herein.

17. As a covered entity, NCMG created or received PHI as defined by 45 C.F.R. § 160.103.

18. As a covered entity, NCMG was required to allow individuals access to inspect and obtain a copy of PHI pursuant to 45 C.F.R. § 164.524(a)(1).

19. None of the 173 requests for PHI fell within any exception allowing NCMG to deny any individual access to their PHI. 45 C.F.R. § 164.524(a)(1)(i), 45 C.F.R. § 164.524(a)(1)(ii), 45 C.F.R. § 164.524(a)(2) and 45 C.F.R. § 164.524(a)(3).

20. Once an individual requested their PHI, NCMG was required to either grant or deny the request within 30 days of the receipt of the request. 45 C.F.R. § 164.524(b)(2)(i)(A) and 45 C.F.R. § 164.524(b)(2)(i)(B).

21. By failing to grant or deny 82 individuals request for PHI within 30 days of the receipt of the request, NCMG violated 45 C.F.R. § 164.524(b)(2)(i).

22. NCMG's failure to grant or deny an individual's request for PHI during the Timeframe resulted in 3,077 violations of 45 C.F.R. § 164.524(b)(2)(i).

## VI. SECOND CLAIM FOR RELIEF:
### FAILURE TO PROVIDE WRITTEN STATEMENT OF DELAY

23. Plaintiff incorporates herein by reference all preceding paragraphs as if fully set forth herein.

24. As a covered entity, NCMG was required to provide detailed written notice to individuals requesting PHI if there was a delay in responding to their request within 30 days. 45 C.F.R. § 164.524(b)(2)(ii)(A).

25. NCMG's failure to provide written notice to 82 individuals outlining the delay in responding to their request for PHI constitutes a violation of 45 C.F.R. § 164.524(b)(2)(ii)(A).

26. Further, even upon providing written notice for the reasons of a delay in responding to an individual's request for PHI, a covered entity may only have up to an additional 30 days to respond. 45 C.F.R. § 164.524(b)(2)(ii).

27. Notwithstanding, NCMG's failure to provide any written notice regarding its delayed response, had it provided notice, NCMG's failure to respond to 32 individuals request for PHI within 60 days constitutes a violation of 45 C.F.R. § 164.524(b)(2)(ii).

28. NCMG's failure to provide written notice regarding the delayed response to requests for PHI during the Timeframe resulted in 82 violations of 45 C.F.R. § 164.524(b)(2)(ii).

## VII. THIRD CLAIM FOR RELIEF:
## FAILURE TO IMPLEMENT SUFFICIENT TRAINING

29. Plaintiff incorporates herein by reference all preceding paragraphs as if fully set forth herein.

30. Covered entities are required to implement training regarding HIPAA policies and PHI as necessary and appropriate for specific job functions. 45 CFR § 164.530(b)(1).

31. By operating NCMG's with employees untrained on HIPPA compliance and PHI, NCMG failed to comply with 45 CFR § 164.530(b)(1).

32. NCMG's failure to properly train its employees regarding HIPAA and PHI during 2018 and 2019 constituted 467 violations of 45 CFR § 164.530(b)(1).

## VIII. DEMAND FOR RELIEF

WHEREFORE, Plaintiff requests this Court to enter judgment against the Defendant, North Clark Medical Group, for the following:

a. An injunction against future violations of 45 C.F.R. 164.302, *et seq.,* pursuant to 42 U.S.C. 1320d-5(d)(1)(A);

b. Statutory damages, pursuant to 42 U.S.C. 1320d-5(d)(2), in the amount of $119,700;

c. Costs of the action and reasonable attorney fees, pursuant to 42 U.S.C. 1320d-5(d)(3); and

d. All other just and proper relief.

Respectfully submitted,

**Curtis T. Hill, Jr.**
Attorney General of Indiana
Atty. No. 13999-20

By: /s/Heather M. Shumaker
Heather M. Shumaker, Atty No. 28340-49
Deputy Attorney General
Office of the Attorney General
302 West Washington Street
IGCS - 5th Floor
Indianapolis, IN 46204
Telephone: (317) 232-1011
Facsimile: (317) 232-7979
Email: Heather.Shumaker@atg.in.gov

## **CERTIFICATE OF SERVICE**

       I certify that on September 18, 2020, I electronically filed the foregoing document and that on or about that date above, a copy of the foregoing document was served on the following by U.S. Mail or Email.

Charise Frazier
Hall, Render, Killian, Heath & Lyman P.C.
500 North Meridian Street, Suite 400
Indianapolis, IN 46204
Phone: 317-977-1406
Email: cfrazier@hallrender.com
*Attorney for Defendant*

                                STATE OF INDIANA, EX. REL. HILL

              By:    /s/ Heather M. Shumaker
                       Heather M. Shumaker, Atty. No. 28340-49
                       Deputy Attorney General
                       Office of the Attorney General
                       Indiana Government Center South, 5th Floor
                       302 West Washington Street
                       Indianapolis, Indiana 46204
                       Phone: 317-232-1011
                       Email:  Heather.Shumaker@atg.in.gov